# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEWEL JENSON, Individually** | : | No. 3:19cv515 |
| **and as Administratrix of the** | : | |
| **Estate of JOSHUA CORREA,** | : | (Judge Munley) |
| **deceased, and CYNTHIA BATES,** | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| **BRETT ST. LOUIS and** | : | |
| **POWER PALLET, INC.,** | : | |
| Defendants | : | |

## **MEMORANDUM**

Before the court for disposition is a motion to dismiss portions of plaintiffs' complaint filed by Defendants Brett St. Louis and Power Pallet, Inc. The parties have briefed their respective positions and the matter is ripe for disposition.

## Background

Plaintiffs instituted the instant action regarding an automobile accident on September 12, 2018 which caused the death of plaintiffs' decedent Joshua Correa. (Doc. 1, Compl.). On that day, Defendant Brett St. Louis operated a tractor trailer owned by his employer, Defendant Power Pallet, Inc. (Id. ¶ 16). He had pulled the tractor trailer to the side of I-476 South in Carbon County, Pennsylvania. (Id. ¶¶ 21-22). The tractor trailer did not have proper lamps, reflective devices or other items required to make it easily seen. (Id. ¶ 23).

Plaintiffs' decedent was driving down the same road, when defendant pulled the tractor trailer out from the shoulder and into the lane of travel. (Id. ¶ 24). Because the tractor trailer was improperly illuminated, oncoming traffic such as Correa could not see him. (Id. ¶ 26). Correa's automobile collided with the tractor trailer and Correa was killed. (Id. ¶ 25).

The complaint asserts that Defendant St. Louis's decision to enter Correa's lane of travel without clearance and with deficient illumination caused the accident. (Id.) Defendant St. Louis drove recklessly, carelessly and negligently according to the plaintiff. (Id. ¶ 27).

Based upon these allegations, the plaintiffs instituted the instant action by filing a seven-count complaint. The complaint raises the following causes of action: Count I- Negligence/Recklessness against Defendant St. Louis; Count II- Negligence/Recklessness against Power Pallet under vicariously liability; Count III- Negligent and/or Reckless Hiring/Supervision/Retention against Defendant Power Pallett, Inc.; Count IV- Negligent Entrustment against Defendant Power Pallet, Inc.; Count V- Negligent Infliction of Emotion Distress against all defendants; Count VI-Wrongful Death against all defendants and Count VII- Survival Action.[1] Defendants now move to dismiss, in part, Counts I, II, and III

---

[1] The Wrongful Death cause of action is listed in the complaint as "Count V." This labeling is evidently a typographical error as it is in fact the sixth cause of

2

and dismissing Counts IV and V completely.  Defendants also move to dismiss plaintiffs' claim for punitive damages.  The parties have briefed their respective positions, bringing the case to its present posture.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Plaintiffs are citizens of Pennsylvania.  (Doc. 1, Compl. ¶¶ 1-3).  Defendants are citizens of New York.  (Id. ¶¶ 5-6).  Additionally, the amount in controversy exceeds $75,000.  Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case.  See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]").  As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

Defendants filed their motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the

---

action.  We will, therefore, refer to it as "Count VI" and we will refer to Count VI, as Count VII.

complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

As noted above, the defendants' motion to dismiss is aimed at various counts. Defendants' arguments fall into three categories. First, they argue that Count V, negligent infliction of emotional distress fails as a matter of law. Second, defendants argue that Counts I through IV violate the Federal Rules of Civil Procedure in that they do not provide a short and plain statement of the claim showing that the pleader is entitled to relief. Third, defendants seek dismissal of the plaintiffs' punitive damages claim. We shall discuss each separately beginning with Count V.

**I. Count V**

Count V asserts a cause of action for negligent infliction of emotional distress against all defendants on behalf of Plaintiff Cynthia Bates, decedent's fiancée. (Doc. 1, Compl. ¶¶ 64-74).

Negligent infliction of emotion distress addresses "mental or emotional harm (such as fright or anxiety) that is caused by the negligence of another[.]" Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 544 (1994). Courts have recognized that "a cause of action for negligent infliction of emotional distress holds out the very real possibility of nearly infinite and unpredictable liability for defendants. Courts therefore have placed substantial limitations on the class of plaintiffs that may recover for emotional injuries and on the injuries that may be compensable." Id.

5

For example, only certain categories of plaintiffs may recover for negligent infliction of emotion distress under Pennsylvania law. Specifically,

> In order to recover, the [p]laintiff must prove one of four elements: (1) that the [d]efendant had a contractual or fiduciary duty toward him; (2) that [p]laintiff suffered a physical impact; (3) that [p]laintiff was in a "zone of danger" and at risk of an immediate physical injury; or (4) that [p]laintiff had a contemporaneous perception of tortious injury to a close relative. In all cases, a [p]laintiff who alleges negligent infliction of emotional distress must suffer immediate and substantial physical harm.

Doe v. Phila. Community Health Alternatives AIDS Task Force, 745 A.2d 25, 27-28 (Pa. Super. Ct. 2000).

Here, the decedent's fiancée alleges that she falls under category (4) in that she had a contemporaneous perception of tortious injury to a close relative. Defendants attack this claim on two bases. First, they allege that Plaintiff Cynthia Bates did not have a "contemporaneous perception" of the accident, and second that plaintiff is not considered a "close relative" under the law. After a careful review, we agree with the defendants the Count V should be dismissed.

Under Pennsylvania law, for the tort of negligent infliction of emotional distress to apply, the plaintiff must have had a contemporaneous perception of the accident. This element has been described by the Pennsylvania Superior Court as follows: "To recover the plaintiff must have observed the defendant traumatically inflicting the harm on the plaintiff's relative, with no buffer of time or

space to soften the blow." Bloom v. Dubois Regional Med. Ctr., 597 A.2d 671, 682 (Pa. Super. Ct. 1991).

The facts regarding this claim as set forth in the complaint are as follows: Plaintiff Cynthia Bates was the fiancée of the decedent. Every day when the decedent arrived at work he would telephone Plaintiff Bates. (Doc. 1, Compl. ¶ 67). On the day of the accident, Bates waited for the call, but it never came. (Id. ¶¶ 67-68). She used a smartphone application to locate the decedent's cellular telephone. (Id. ¶ 68). The application displayed a map that indicated that the telephone, and hence the decedent, were located at the scene of the crash. (Id. ¶ 69). Plaintiff alleges that she "suffered direct and immediate emotional shock and distress as a result of his <sic> contemporaneous and sensory observance of the fatal collision through her iPhone." (Id. ¶ 70). She has suffered "a direct emotional impact, including: severe fear, anxiety, depression, nightmares, nervousness, insomnia, and hysteria." (Id. ¶ 72).

Despite the allegations of severe emotional distress, plaintiff cannot recover for negligent infliction of emotional distress. As noted above, to recover under this theory of liability, the plaintiff must have had a contemporaneous perception of the accident. Here, plaintiff did not witness the accident. She witnessed the aftermath of the accident in that at some point after the accident occurred, her smartphone indicated that the decedent's automobile was stopped

7

at the crash site.  These alleged facts are insufficient to meet the requirement that the plaintiff have a "contemporaneous perception" of the accident.  This case is analogous to the case of wife who receives a phone call from the hospital indicating that her husband has been injured in an automobile accident. <u>See</u> <u>Armstrong v. Paoli Mem. Hosp.</u>, 633 A.2d 605, 615 (Pa. Super. Ct. 1993).  In that situation, the wife does not have a cause of action for emotional distress because she did not witness the accident. <u>Id.</u> at 615.  Similarly, in this case, the plaintiff has not established that she contemporaneously perceived the accident.  She has not cited to any case law which holds that viewing the accident scene on a map on a phone meets the "contemporaneously" perceived requirement, and our research has uncovered none.

     Thus, under Pennsylvania law, plaintiff did not "perceive" or witness the accident.  At most, she observed the fact that her fiancée's telephone was located at the crash site at some point after the accident happened.  Although, no doubt plaintiff could be very upset by viewing the map on her telephone, it is not covered under the tort of negligent infliction of emotional distress.  Accordingly, Count V of the complaint, negligent infliction of emotional distress, will be

dismissed.[2] Because Count V is the only cause of action asserted on behalf of Plaintiff Bates, she will be dismissed completely from the case.

**II. Counts I, II, III and IV**

Next, the defendants challenge Counts I, II, III and IV as violating the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Defendants assert that Counts I through IV are comprised of well over one hundred "kitchen sink" or "shotgun" allegations. Not all of these allegations amount to viable claims supported by the facts and law. Defendants seek the

---

[2] Because we find that plaintiff did not witness the accident, we need not address the issue of whether a fiancée is a close enough relation to sustain a negligent infliction of emotional distress cause of action.

9

dismissal of these claims and the inclusion only of claims to which they can readily respond. We will discuss each in turn.

### A. Count 1

Count 1 of the complaint alleges Defendant St. Louis's negligence consisted of, *inter alia*, the following:

> a. Failing to maintain proper and adequate control of his Tractor Trailer;
> . . .
> d. Failing to clear his mirrors;
> e. Failed to obey road signs;
> . . .
> g. Failing to pay proper attention while operating his Tractor Trailer on Interstate I-476 South;
> h. Failing to take proper precautions in the operation of his Tractor Trailer so as to avoid the collisions that occurred;
> i. Operating his Tractor Trailer in a negligent, careless and reckless manner without due regard for the rights and safety of Mr. Correa;
> j. Failing to exercise due care and caution under all of the existing circumstances;
> . . .
> l. Failing to remain alert;
> . . .
> n. Violating the applicable rules, regulations and law pertaining to the safe and proper operation of motor vehicles and/or tractor trailers;
> o. Failing to operate his Tractor Trailer in accordance with Federal Motor Carrier Safety Regulations;
> p. Failing to properly control his Tractor Trailer in light of the circumstances then and there existing, including traffic patterns existing on the roadway;
> q. Failing to make necessary and reasonable observations while operating his Tractor Trailer;

10

> . . .
> w. Violating both the written and unwritten policies, rules, guidelines and regulations of Power Pallet;
> x. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;
> y. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;
> . . .
> ee. Acting with conscious disregard for the rights and safety of Mr. Correa;

(Doc. 1, Compl. ¶ 31).

Defendants argue that these allegations are broad and vague. They do not inform the defendants as to the factual claims against which they will need to defend. After a careful review, we disagree.

A complaint must provide the defendant fair notice of what the claim is and the grounds upon which it rests. Erickson v. Paradus, 51 U.S. 89, 93 (2007). The plaintiff need not "have to set out in detail the facts upon which a claim is based, but must merely provide a statement sufficient to put the opposing party on notice of the claim." Weston v. Pennsylvania, 251 F.3d 420, 428 (3d Cir. 2001). We find that a review of the allegations of Count I does provide the defendants with sufficient factual averments to put them on notice of the claims. While the complaint may not be specific with regard to, for example, what regulations, policies, rules, or guidelines were violated, such matters should become clear during discovery and the allegations need not be dismissed.

**B. Count II**

Count II merely asserts vicariously liability as to Defendant St. Louis's employer and repeats the same allegations. Defendants challenge the allegations for the same reasons they challenged the assertions in Count I. Because we found that Count I need not be dismissed we find that Count II need not be dismissed either.

**C. Count III and IV**

Counts III and IV of plaintiffs' complaint include claims for negligent hiring/supervision/retention and negligent entrustment. Defendants assert that the allegations are so vague that it does not allow them to prepare a proper defense. After a careful review, we disagree.

While the complaint's allegations are to a certain extent vague, we find that they are sufficient to overcome a motion to dismiss. For example, with respect to the negligent hiring/supervision/retention plaintiffs allege that the defendants were negligent in failing to properly train, monitor and/or supervise Defendant St. Louis. Also, defendants negligently hired and/or continued to employ Defendant St. Louis despite knowing that his violation of FMCSA hours rendered him unfit to safely operator a commercial vehicle, and despite his propensity for violating the Rules of the Road and FMCSR. (Doc. 1, Compl. ¶ 45). Additionally, with regard to negligent entrustment the complaint generally claims that Defendant Power Pallet was negligent in entrusting a tractor trailer to Defendant St. Louis on the

day in question when it should have known that Defendant St. Louis had a propensity to violate the motor vehicle code and had a propensity to cause motor vehicle collisions. (Id. ¶ ¶ 53, 54). At this point in the litigation, it may not be possible for the plaintiffs to be more specific with regard to the allegations of negligent hiring/supervision/retention and negligent entrustment. As the case moves through discovery, however, these causes of action should become more focused for the plaintiffs as well as the defendants. Accordingly, this portion of the motion to dismiss will be denied.

### III. Punitive damages

As part of their demand for damages, plaintiffs seek punitive damages against the defendants. Under Pennsylvania law, punitive damages "are awarded only for outrageous conduct, that is, for acts done with a bad motive or with reckless indifference to the interests of others." Martin v. Johns-Manville Corp., 494 A.2d 1088, 1097-98 (Pa. 1985). Reckless indifference refers to a conscious disregard of a risk known to the defendant or a risk "so obvious that he must . . . have been aware of it, and so great as to make it highly probable that harm would follow." Evans v. Phila. Transp. Co., 212 A.2d 440, 443 (Pa. 1965). In evaluating the appropriateness of a punitive damages claim, the Court must consider not only the offense itself, but also the circumstances surrounding it, including the wrongdoers' motives and the relations between all the parties

involved. Schwartz v. Rockey, 932 A.2d 885, 890 (Pa. 2007); see also Feld v. Merriam, 485 A.2d 742, 747 (Pa. 1984) (citing Chambers v. Montgomery, 192 A.2d 355, 358 (Pa. 1963)). "[T]o justify an award of punitive damages, the fact-finder must determine that the defendant acted with a culpable state of mind. Hutchinson v. Penske Truck Leasing Co., 876 A.2d 978, 984 (Pa. Super. Ct. 2005).

Here, the plaintiff alleges that Defendant St. Louis drove recklessly, failing to take any different precautions, using inadequate lighting on his vehicle, and violating many regulations and laws relating to the operation of commercial vehicles. (Doc. 1, Compl. ¶¶ 31(a) – (gg)). Additionally, the complaint alleges that, *inter alia*, Defendant Power Pallet knew or should have known that entrusting the tractor trailer to Defendant St. Louis would likely cause harm to the motoring public. (Id. ¶ 57). These factual allegations could evince a reckless disregard to the rights of others and support a claim for punitive damages. Accordingly, we will not dismiss the claim for punitive damages.

**Conclusion**

For the reasons set forth above, the defendants' motion to dismiss will be granted in part and denied in part. The motion will be granted with regarding to Count V, negligent infliction of emotional distress. It will be denied in all other respects. An appropriate order follows.

BY THE COURT:

**Date: <u>August 9, 2019</u>**   <u>**s/ James M. Munley**</u>
**JUDGE JAMES M. MUNLEY**
**United States District Court**